**Agapito BENITEZ–MALDONADO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71233.

Agency No. A72–997–973.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Norah Ascoli Schwarz, Attorney, Anthony W. Norwood, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Agapito Benitez–Maldonado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

Although we lack jurisdiction to review the IJ's determination regarding "exceptional and extremely unusual hardship," *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003), we retain jurisdiction to determine whether the IJ's interpretation of the hardship standard violates due process, *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003).

Reviewing de novo, we conclude that there was no due process violation because the IJ noted that, even applying the less stringent "extreme hardship" standard required for suspension of deportation, he would have denied relief. *See id.* at 1007; *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (requiring prejudice to establish a due process violation in immigration proceedings).

To the extent Benitez–Maldonado asserts a constitutional challenge to the BIA's streamlining regulations, his argument is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

We have considered Benitez–Maldonado's remaining contentions and conclude that they lack merit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Benitez–Maldonado's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal. This stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.